UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              Plaintiff

v.                                                      Criminal Action No. 3:20-cr-9-RGJ

ROBERT BONDONNO, ET AL.                                              Defendants

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

In advance of trial, scheduled for December 6, 2021, the United States notices its intent to admit Fed. R. Evid. 404(b) evidence [DE 64] and moves *in limine* to admit evidence of other crimes, wrongs or acts against Defendants Robert Bondonno ("Bondonno"), Courtland Van Oden ("Van Oden"), Bearkes J. Ainsworth Jr. ("Ainsworth"), and Gregory W. Dawkins ("Dawkins") (collectively, "Defendants") [DE 65]. Defendants do not dispute proper notice. Defendants Van Oden [DE 68] and Bondonno [DE 69] responded. This matter is ripe for adjudication. For the reasons below, the United States' Motion *in Limine* [DE 65] is **GRANTED**.

### I. MOTION *IN LIMINE* STANDARD

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence *in limine* pursuant to their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). That said, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 810 (N.D. Ohio 2002) (citing *Luce,* 469 U.S. at 41 n. 4). Courts favor this posture so "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v.*

*Waste Servs. of Am., Inc.*, 738 F.Supp.2d 702, 706 (E.D. Ky. 2010) (citing *Indiana Ins. Co. V. Gen. Elec. Co.*, 326 F.Supp. 2d 844, 846 (N.D. Ohio 2004). When this Court issues a ruling *in limine*, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)). Thus, "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42.

## II. DISCUSSION

### A. Background

Defendants are indicted on thirty-seven counts of wire fraud, mail fraud, money laundering and conspiracy to commit money laundering. The United States alleges that Defendants pitched fraudulent investment schemes and solicited funds from victims for two nominee companies, Wichita Project, LLC and BHD International Inc. The United States further alleges that victims received no return on their investment and instead the funds were used to pay Defendants' living and lifestyle expenses. [DE 21].

The United States moves *in limine* to admit evidence of Defendants' failure to report income on their personal tax returns and Bondonno's failure to issue W-2 or 1099 forms through corporate entities as evidence of an intent to defraud. [DE 65]. The United States argues that the unreported taxable income was the fruit of the Defendant's fraudulent scheme. [DE 65-1 at 248]. Under Fed. R. Evid 404(b)(2), the United States seeks to introduce: (1) Ainsworth's failure to file tax returns for 2016, 2017 and 2018; (2) Ainsworth's failure to accurately report his income on his 2019 tax return, including the omission of $40,000 received from BHD International, Inc. and Wichita Project, LLC; (3) Van Oden's failure to file tax returns for 2016, 2017 and 2018; (4) Bondonno's failure to file tax returns for 2017 and 2019; (5) Bondonno's failure to accurately

report his income on his 2018 tax return, including $100,000 of underreported income from investment proceeds; and (6) Bondonno's, BHD International, Inc.'s, and Wichita Project, LLC's failure to issue W-2's, 1099's or other required documents for payments made to Ainsworth and Van Oden. [*Id.* at 247-248].

### B. Standard for Admission of Evidence of Other Crimes, Wrongs, or Acts Under Fed. R. Evid. 404(b).

Rule 404 provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Similarly, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, this evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

To determine the admissibility of evidence under Rule 404(b), the Court uses a three-step analysis. *United States v. Lattner,* 385 F.3d 947, 955 (6th Cir. 2004). First, the Court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. *Id.* Second, the Court must determine whether the "other acts" evidence is admissible for a proper purpose under Rule 404(b). *Id.* Finally, the Court must determine whether the "other acts" evidence is more prejudicial than probative. *Id.*

With regard to the second step, to determine whether evidence is admissible for a proper purpose, the Court must find that (1) the purpose of admitting prior acts is one that is allowed under Rule 404(b), (2) the purpose for which the evidence is offered is material or "in issue," and (3) the evidence is probative of the purpose for which it is offered. *United States v. Bell*, 516 F.3d 432, 442 (6th Cir. 2008); *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003).

3

Once the Court decides that evidence of other crimes, wrongs, or acts of a defendant is admissible under Rule 404(b), then the Court "must carefully identify in its instructions to the jury, the specific factor named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is material, and warn the jurors against using the evidence to draw the inferences expressly forbidden by Rule 404(b)." *Bell*, 516 F.3d 441 (quoting *United States v. Johnson*, 27 F.3d 1186, 1194 (6th Cir. 1994)).

**C. Analysis**

*1. Sufficient Evidence of Other Acts*

First, the Court determines whether there is sufficient evidence the other acts took place. Defendants are charged with wire fraud, mail fraud, money laundering and conspiracy to commit money laundering. The United States offers evidence of prior acts related to Defendants' income tax returns to demonstrate intent to defraud however the United States has not tendered the tax returns or the corresponding bank records for the Court's consideration. [DE 65 at 245].

For the evidence to be relevant, at trial, the United States must establish that a jury can reasonably conclude that the other acts occurred and that Defendants were the actors. *Lattner*, 385 F.3d at 955. "The Supreme Court has held that the United States is not required to demonstrate that the other acts occurred by a preponderance of the evidence. However, the government cannot introduce evidence of potentially prejudicial similar acts without any substantiation." *Bell,* 516 F.3d at 441 (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)). The United States argues Defendants' tax filings, and bank records showing the income Defendants received from their allegedly fraudulent activities, create sufficient evidence of Defendants' failure to report income on their tax returns. [DE 65-1 at 249].

While the United States has not produced the tax records at issue, Defendants do not appear to contest that they failed to report or under report certain taxable income, thus the first step of the analysis supports admission. Though Defendants do not argue that they properly reported income on their tax returns, Defense counsel will have the opportunity at trial to cross-examine witnesses and provide their own evidence on whether Defendants were required to file tax returns, report income, or distribute certain tax forms.

2. *Proper Purpose Under Fed. R. Evid. 404(b)(2)*

Next, the Court determines whether the other acts evidence is admissible for a proper purpose under Rule 404(b) pursuant to the three factors set forth in *Bell*. As to the second step of the analysis, the United States asserts that intent is a specifically enumerated permissible purpose for admitting prior acts evidence under Rule 404(b)(2). The United States argues that it will have to prove Defendants' intent as an element of both wire and mail fraud. [DE 65-1 at 249]. As a result, intent is "in issue" in the case as the failure to properly report taxable income is material to and probative of the elements of two of the offenses charged *See* 18 U.S.C. §1343; 18 U.S.C. §1341. Defendants' misrepresentation of their income is substantially similar and reasonably near in time to the offenses charged and further demonstrates an intent to misrepresent and conceal information about Defendants' financial misconduct. [DE 65-1 at 250]. The United States argues that a reasonable jury could find the tax return omissions representative of Defendants' ongoing efforts to obscure their financial activity from scrutiny to perpetuate their scheme. [*Id.* at 250]. The United States also asserts and that this financial concealment is evidence of specific intent because by hiding the fruits of the scheme, Defendants demonstrate knowledge of the illegality of their financial activities. [*Id.* at 250].

First, the Court looks at whether the purpose of admitting prior acts is allowed under Rule 404(b)(2). Using evidence of other acts to prove intent is a specifically enumerated permissible purpose under Rule 404(b)(2). *Bell*, 516 F.3d at 442. Second, the Court looks at whether the purpose of introducing the other acts is material or at issue. As the United States must prove that Defendants possessed specific intent to deceive or defraud as an element of the crimes charged, intent is clearly "at issue," and the determination of fraudulent intent is reserved for the trier of fact. *United States v. Brown*, 147 F.3d 477, 483 (6th Cir. 1998); 18 U.S.C. § 1343; 18 U.S.C. § 1341. By pleading not guilty to the offenses, the Defendants have put their general intent and specific intent at issue, thereby giving the government the burden to establish both beyond a reasonable doubt. *Bell*, 516 F.3d at 443; *United States v. Myers*, 123 F.3d 350, 363 (6th Cir. 1997).

Third, the Court looks at whether the evidence is probative of the purpose for which it is offered. The other acts evidence proposed is probative of intent because it relates to conduct that is "substantially similar and reasonably near in time" to the specific intent offense at issue. *Bell*, 516 F.3d at 443. Bondonno asserts that the other acts evidence is not substantially similar because a compilation of additional alleged financial improprieties cannot be tied to the charged conduct. [DE 69 at 267]. However, the United States asserts that "the income which the defendants' failed to report on their tax returns was the fruit of the fraudulent scheme for which they have been charged," and thus is substantially related. [DE 65-1 at 248]. The conduct is reasonably near in time because the wire fraud is alleged to have occurred from January 2016 to July 2019, and the other acts evidence the government seeks to introduce is from 2016 through 2019. Though the Defendants' 2019 tax returns may not have been filed during the timeframe of the fraudulent scheme, "there is no absolute maximum number of years that may separate a prior act and the

6

offense charged." *Id.* (citing *United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985). Further, the income to be listed on the 2019 tax return would relate to the timeframe of the alleged fraud.

Bondonno also argues the evidence is not probative of the purpose for which it is offered. [DE 69 at 265]. Bondonno contends that the fact that a jury could infer Bondonno's tax misrepresentations as evidence of specific intent is highly speculative. [*Id.* at 266]. Bondonno argues that there is no supporting evidence that Bondonno's decision not to file taxes or how much income to declare has anything to do with the alleged wrongdoing. [*Id.*] Similarly, Van Oden contends that the failure to pay taxes and the intent to commit the alleged crimes are so unrelated that introduction of other acts evidence would have no probative value or relevance, and could not be anything other than inadmissible character evidence. [DE 68 at 261.] Van Oden argues that failure to pay taxes is not an indicator of intent to commit mail fraud, wire fraud and money laundering because there are many possible reasons for not reporting income unrelated to an intent to commit the charged crimes. [DE 68 at 261]. Van Oden also argues that the government is seeking to use evidence of prior acts to replace its the obligation to prove intent. [*Id.* at 262]. Yet Courts have routinely found that the failure to file tax returns is relevant and admissible when used against defendants accused of participating in a money laundering conspiracy. *United States v. Mitchell*, 613 F.3d 862, 866 (8th Cir. 2010) (citing *United States v. Mangual–Santiago*, 562 F.3d 411, 429 (1st Cir.), *cert. denied*, 558 U.S. 912 (2009)); *see also United States v. Hathaway*, 798 F.2d 902, 909 (6th Cir. 2012) (evidence that showed defendant was using investment company funds for personal expenses, rather than paying client accounts, was relevant to the "scheme to defraud" element of mail fraud). As a result, under the three factors set forth in *Bell*, the other acts evidence is admissible for a proper purpose under Rule 404(b).

### 3. *Prejudice Analysis Under Fed. R. Evid. 403*

As to the final step of the analysis, the United States argues that the acts are not more prejudicial than probative because evidence of tax misconduct is unlikely to inflame the emotions of a jury and or otherwise lead the jury to decide the case on improper grounds. [DE 65-1 at 250]. Van Oden argues that the other acts evidence proposed is propensity evidence and its prejudicial effect outweighs its probative value because a jury might explicitly or subconsciously apply a lower standard of proof if they think the defendant is a bad person. [DE 68 at 262]. Bondonno asserts that the proposed evidence is more prejudicial than probative because it could mislead the jury. [DE 69 at 268]. Bondonno asserts that the United States is making three distinct claims of wrongdoing related to Bondonno's tax returns in its motion *in limine*: (1) that he failed to file an income tax return; (2) that he underreported income; and (3) that he failed to issue proper tax documents with regard to BHD International Inc. and Witchita Project LLC. [*Id.* at 267]. Bondonno argues that this is uncharged independent conduct, unrelated to the pending counts, and each allegation necessitates an individualized response, defense, and witness at trial to explain Bondonno's tax preparation. [*Id.*] Bondonno argues that the United States is attempting to introduce the type of evidence that Fed. R. Evid. 404(b) is specifically designed to prohibit because it paints Defendant as the type of person who engages in financial misconduct in both his personal life and business administration. [*Id.* at 268].

The Court finds the other acts evidence proposed by the United States is not more prejudicial than probative under Rule 403. "The term 'unfair prejudice' speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground difference from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In *United States v. Kuiken*, 198 Fed.Appx. 643, 647 (9th Cir. 2006), the Court held the probative

value of evidence that Defendants either did not file tax returns for the relevant years or that their returns did not adequately reflect their income is not outweighed by the danger of unfair prejudice in a prosecution for wire fraud, mail fraud, and money laundering. The Court reasoned that evidence of improper tax returns is highly relevant to the characterization of the funds allegedly received as part of the underlying fraudulent schemes.

Additionally, the other acts evidence would have an undue tendency to suggest a jury decision on an improper basis such as emotion or propensity. Though Bondonno makes arguments regarding jury confusion, tax returns are common documents which are not too complex or voluminous for a jury to understand. *See United States v. Pollack*, 417 F.2d 240, 241 (5th Cir. 1969) (finding evidence of corporate minute books relating to periods several years before the acts charged was not too complex and voluminous to lead to jury confusion). As there are no alternative sources of proving intent of the alleged charges and this factor must be considered when weighing the probative value of the other acts evidence.[1] *Bell*, 516 F.3d at 445.

As each step of the analysis set forth in *United States v. Lattner* supports admissibility, the United States motion *in limine* [DE 65] is **GRANTED**. Accordingly, the Court orders the United States to tender an instruction in proposed jury instructions limiting the consideration of the other act evidence only as it bears on Defendants' intent. *Bell*, 516 F.3d 441.

### III. CONCLUSION

Having considered the filings and applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

(1) The United States' Motion *in Limine* [DE 65] is **GRANTED**.

---

[1] The United States also filed a motion *in limine* to admit two recorded phone conversations [DE 71]. But that motion is not ripe yet as the Defendants' have not responded and the time do so has not passed.

(2) The United States shall tender an appropriate limiting instruction for the evidence at issue in this motion with its proposed jury instructions.

October 25, 2021

Rebecca Grady Jennings, District Judge
United States District Court