UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Plaintiff |
| v. | Criminal Action No. 3:20-cr-9-RGJ |
| ROBERT BONDONNO, ET AL. | Defendants |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

In advance of trial, scheduled for February 28, 2022, the United States has filed three motions *in limine* and a motion for reconsideration. [DE 71; 88; 114; 121]. This matter is ripe for adjudication. Without objection from Defendant, Robert Bondonno ("Bondonno"), the United States' Motion for Reconsideration [DE 114] and Motions *in Limine* [DE 71; 88] are **GRANTED**. For the reasons below, the United States' Motion *in Limine* to Exclude Expert Testimony is **DENIED**.

**I. MOTION *IN LIMINE* STANDARD**

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence *in limine* pursuant to their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). That said, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Bouchard v. Am. Home Prod. Corp.*, 213 F. Supp. 2d 802, 810 (N.D. Ohio 2002) (citing *Luce,* 469 U.S. at 41 n. 4). Courts favor this posture so "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F.Supp.2d 702, 706 (E.D. Ky. 2010) (citing *Indiana Ins. Co. v. Gen.*

*Elec. Co.*, 326 F.Supp. 2d 844, 846 (N.D. Ohio 2004). When this Court issues a ruling *in limine*, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)). Thus, "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42.

## II. DISCUSSION

### A. Background

The grand jury returned a Superseding Indictment against Bondonno on July 22, 2020 charging him with wire fraud (counts 1 through 5), in violation of 18 U.S.C. § 1343, mail fraud (count 6), in violation of 18 U.S.C. § 1341; conspiracy to commit money laundering (count 7), in violation of 18 U.S.C. § 1956(h); and money laundering (counts 8 through 37), in violation of 18 U.S.C. § 1956(a)(1)(A) and (B). [DE 21]. The United States alleges that Bondonno pitched fraudulent investment schemes and solicited funds from victims for two nominee companies, Wichita Project, LLC and BHD International Inc. [DE 121-1 at 616]. The United States also alleges that victims received no return on their investment and instead the funds were used to pay Defendants' living and lifestyle expenses. [DE 21].

On October 7, 2021, Bondonno filed a notice describing Frederick G. Graessle's ("Graessle") expected expert testimony. [DE 70]. The United States asked about the contents of Graessle's expected testimony on October 8, 2021, but Bondonno represented that Graessle likely would not testify. [DE 121-1 at 617]. Bondonno again stated that he did not anticipate having Graessle testify while at the final pretrial conference. [*Id.*] The United States asked for additional information regarding the contents of Graessle's testimony. [*Id.*] Bondonno responded that he would supplement his disclosure if he ultimately determined his expert testimony is needed. [*Id.*]

On February 8, 2022, Bondonno provided further disclosure regarding Graessle's testimony. [*Id.*] Specifically, Bondonno disclosed that Graessle will testify to (1) the general structure of fraud schemes; (2) that he would expect there to be incriminating emails between the co-defendants and Bondonno, but there are none; (3) the filing of specific tax forms and providing information to the IRS; and (4) based on his review of the private placement memo, the content was not abnormal. [DE 122 at 631–32]. The United States moves *in limine* to exclude, in whole or in part, Graessle's testimony. [DE 121-1 at 616].

### B. Analysis

The United States claims that Bondonno's expert disclosures fail to meet the requirements of Federal Rule of Criminal Procedure 16. [*Id.* at 17]. The United States also submits that Graessle's expert testimony should be excluded under Federal Rule of Evidence 702 because it contains legal conclusions that go to the ultimate issue submitted to the jury. [*Id.* at 622]. Finally, the United States argues that the risk of jury confusion presented by Graessle's testimony outweighs any probative value. [*Id.* at 625].

*1.      Expert Testimony Under Federal Rule of Criminal Procedure 16.*

The United States argues that Bondonno's disclosure does not comply with Federal Rule of Criminal Procedure 16. [*Id.* at 617]. Bondonno asserts that his expert disclosures do comply with Rule 16, and that the United States' recourse is vigorous cross-examination, not exclusion of Graessle's testimony. [DE 122 at 636]. Rule 16 requires that the "defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial." Fed. R. Crim. P. 16(b)(1)(C). The summary must describe the expert's opinions, bases, and reasons for those opinions, and the expert witness's qualifications. *Id.* This Court has held

that Rule 16 is general and accommodating as opposed to the more specific and demanding requirements of Federal Rule of Civil Procedure 26. *See United States v. Faller*, 1:13-CR-00029-TBR, 2013 WL 5962111, at *2 (W.D. Ky Nov. 6, 2013).

The expert disclosures provided for Graessle include a written summary of the expert's opinions and the bases of for those opinions. Bondonno's February 8th supplement includes five short summaries of Graessle's expert opinions. [DE 121-1 at 618–19]. These short summaries include general descriptions of the evidence Graessle relied on to formulate these opinions. [*Id.*] Bondonno also provided the United States with Graessle's curriculum vitae in its October 7th disclosure. [DE 70]. The United States argues that the expert disclosures are insufficient and give little more than general descriptions. [DE 121-1 at 619]. Yet the language of Rule 16 is general and accommodating. *Faller*, 1:13-CR-00029-TBR, 2013 WL 5962111, at *2. Bondonno has disclosed the information required by Rule 16 in his initial and supplemental disclosures. As a result, the Court will not exclude Graessle's expert testimony under Rule 16.

    2.    *Expert Testimony Under the Federal Rules of Evidence.*

The United States argues that if the Court does find that the defendant's disclosure complies with Rule 16, the Court should exclude it pursuant to Federal Rule of Evidence 702 and 403. [DE 121-1 at 617]. The United States' motion does not specifically challenge Graessle's qualifications. Instead, it primarily disputes the relevance of Graessle's testimony and that it impermissibly crosses into the province of the jury. [*Id.* at 621–24]. Bondonno argues that the topics of Graessle's expert testimony are proper and will help the jury understand how fraud schemes are structured. [DE 122 at 635].

"Under Rule 702 of the Federal Rules of Evidence, 'a proposed expert's opinion is admissible . . . if the opinion satisfies three requirements. First, the witness must be qualified by

knowledge, skill, experience, training, or education. Second the testimony must be relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue. Third, the testimony must be reliable.'" *Burgett v. Troy-Bilt LLC*, 579 Fed. App'x 372, 376 (6th Cir. 2014) (quoting *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528-29 (6th Cir. 2008)). "[R]ejection of expert testimony is the exception rather than the rule." *United States v. Girod*, No. CR 5: 15-87-DCR, 2016 WL 3512159, at *2 (E.D. Ky. June 22, 2016) (citing Fed. R. Evid. 702 Advisory Committee Note (2000 Amendment)). A court typically can resolve a *Daubert* motion without holding a hearing. *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 248-49 (6th Cir. 2001). A hearing is required only if the record is inadequate to decide the motion. *See Jahn v. Equine Servs., PSC*, 233 F.3d 382, 393 (6th Cir. 2000).

Expert testimony is also subject to a balancing of probative value against likely prejudice under Rule 403. *United States v. Geiger*, 303 Fed. App'x 327, 329 (6th Cir. 2008). Under Rule 401, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . [is] of consequence in determining the action." Fed. R. Evid. 401. However, even if evidence is relevant, it may be inadmissible pursuant to the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. For instance, relevant evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The Court has reviewed the information submitted by the parties and it is sufficient information to make an initial assessment of this motion without a hearing. The United States does not question Graessle's qualifications as an expert or that the testimony is reliable. Graessle

5

was an FBI Special Agent for more than thirty years, who specialized in white collar crime matters. [DE 122 at 630–31]. After his retirement, Graessle has continued to work in forensic accounting and related fields. [*Id.*] There is no question that Graessle is "qualified by knowledge, skill, experience, training, or education" to testify about Bondonno's alleged fraudulent scheme. *Burgett*, 579 Fed. App'x at 376. As a result, the first and third elements of the test identified in *Burgett* are satisfied.

In regard to the second element, Graessle's testimony will likely assist the jury to understand the facts at issue. *Id.* The United States contends that Graessle's testimony will not assist the jury because it goes beyond what is permitted by the Federal Rules and states legal conclusions that go to the ultimate issue to be decided by the jury. [DE 121-1 at 622 –24]. Bondonno claims that Graessle's opinions are not legal conclusions, but simply information that a lay person would not possess without Graessle's experience. [DE 122 at 636]. Under Fed. R. Evid. 704, "[a]n opinion is not objectionable just because it embraces an ultimate issue," but an expert witness cannot testify "about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." In other words, although expert opinion may embrace ultimate issues to be decided by the jury, the expert cannot draw a legal conclusion and is only permitted to state an opinion "that suggests the answer to the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue." *See Berry v. City of Detroit,* 25 F.3d 1342, 1353 (6th Cir. 1994).

Graessle cannot testify as to what Bondonno intended or whether Bondonno is guilty of the charged crimes. That said, Graessle can testify regarding what he would expect to see in a similar fraud scheme. *See United States v. Maya,* 966 F.3d 493, 506 (6 Cir. 2020) ("We permit an expert to testify 'in general terms' about 'the common practices of those who clearly do possess

6

the requisite intent' so long as the expert leaves 'unstated the inference that the defendant, having been caught engaging in more or less the same practices, also possessed the requisite intent.'") Graessle may testify regarding similar schemes and what an investigator would expect to find, so long as he does not testify that Bondonno did or did not have the requisite intent. *See id.* Testimony regarding the general structure of fraudulent schemes and the contents of private placement memorandums would still allow the jury to draw an inference as to the ultimate issue. *See Berry*, 25 F.3d at 1353. Because Graessle's testimony does not consist purely of legal conclusions, it may assist the trier of fact to understand the evidence at issue.

Finally, the United States argues that the danger of confusing the jury outweighs any probative value of associated with Graessle's expert testimony. [DE 121-1 at 625]. Bondonno claims that Graessle's testimony will, instead, provide the jury with additional information that a lay person would not possess without his specific experience. [DE 122 at 636]. It is not clear that the testimony by Graessle will confuse the jury to the point that his testimony should be excluded. Fed. R. Evid. 403. It is more likely that Graessle's testimony will assist the trier of fact in understanding the nature of fraud scheme. Based on the reasons above, the United States' Motion *in Limine* to Exclude Expert Testimony [DE 121] is **DENIED**.

### III. CONCLUSION

Having considered the filings and applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

(1) The United States' Motion *in Limine* to Exclude Expert Testimony [DE 121] is **DENIED**;

(2) Without objection, the United States' Motion for Reconsideration [DE 114] is **GRANTED**;

7

(3) Without objection, the United States' Motion *in Limine* [DE 71] is **GRANTED**;

(4) Without objection, the United States' Motion *in Limine* [DE 88] is **GRANTED**.

*[Signature]*
Rebecca Grady Jennings, District Judge
United States District Court

February 22, 2022

8