FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____Mar 08, 2022_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                    Plaintiff

v.                                                    Criminal Action No. 3:20-cr-9-RGJ

ROBERT BONDONNO                                                            Defendant

\* \* \* \* \*

**JURY INSTRUCTIONS**

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.  Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.  Then I will explain some rules that you must use in evaluating testimony and evidence.  And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors.  The first duty is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them.  This includes the instructions I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not evidence of guilt. It is just the formal way the government tells the defendant what crime he is accused of committing. It does not raise any suspicion of guilt.

 Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**EVIDENCE DEFINED**

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence, like the testimony of an eyewitness, that directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one type of evidence is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

 Let me suggest some things for you to consider in evaluating each witness's testimony.


(1) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(2) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(3) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(4) Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

(5) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(6) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(7) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe a witness's testimony was contradicted by other evidence, remember people sometimes forget things, and even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Next, I will explain the elements of the crimes that the defendant is accused of committing.

I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment.

## SEPARATE CONSIDERATION—
## SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES

(1) The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## DEFINITION OF THE CRIME

### Counts 1–5 (10.02 Wire Fraud (18 U.S.C. § 1343))

Counts 1 through 5 of the indictment charge the defendant with wire fraud.

| Count | Date | Description |
|---|---|---|
| 1 | March 2, 2018 | Deposit of $25,000 check from Ryan McClinton drawn from Wells Fargo Bank into Wichita Project LLC bank account at JP Morgan Chase bank #5520, Henderson, Nevada. |
| 2 | March 22, 2018 | Wire transfer of $35,000 from Billie Terrell account at Chase Bank in Louisville, Kentucky to Wichita Project LLC, account at JP Morgan Chase Bank #5520, Henderson, Nevada. |
| 3 | April 16, 2018 | Fed Wire Transfer from Madison Trust Account for Billie Terrell of $60,000 from Capital One Bank to Wichita Project LLC, at JP Morgan Chase Bank #5520, Henderson, Nevada. |
| 4 | October 25, 2018 | Fed Wire Transfer from Madison Trust Account for Adam Bishop for $25,000 from Capital One Bank to Wichita Project LLC, US Bank #1555, Henderson, Nevada. |
| 5 | July 24, 2019 | Fraser Bishop wired $24,800 from BB&T to BHD International US Bank #1333. |

For you to find the defendant guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly participated in, devised, intended to devise a scheme to defraud in order to obtain money or property;

Second, that the scheme included a material misrepresentation or concealment of a material fact;

Third, that the defendant had the intent to defraud; and

Fourth, that the defendant used wire communications or caused another to use wire communications in interstate commerce in furtherance of the scheme.

Now I will give you more detailed instructions on some of these terms.

11

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with intent to deceive or cheat for the purpose of depriving another of money or property.

To "cause" wire, radio or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

The term "interstate commerce" includes wire, radio or television communications which crossed a state line.

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme or that the material transmitted by wire communications was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the wire communications was intended as the specific or exclusive means of

12

accomplishing the alleged fraud or that someone relied on the misrepresentation or false statement or that the defendant obtained money or property for his own benefit.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

## DEFINITION OF THE CRIME

### Count 6 (10.01 Mail Fraud (18 U.S.C. §1341))

Count 6 of the indictment charges the defendant with mail fraud.

| Count | Dated | Description |
|---|---|---|
| 6 | Check Dated: October 6, 2017 | Billie Terrell mailed a $100,000 check from Louisville, Kentucky, to Wichita Project, LLC. |

For you to find the defendant guilty of mail fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly participated in, devised, or intended to devise a scheme to defraud in order to deprive another of money or property;

Second, that the scheme included a material misrepresentation or concealment of a material fact;

Third, that the defendant had the intent to defraud; and

Fourth, that the defendant used the mail or caused another to use the mail in furtherance of the scheme.

Now I will give you more detailed instructions on some of these terms.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

14

An act is "knowingly" done if done voluntarily and not because of mistake or some other innocent reason.

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of depriving another of money or property.

To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme that the material transmitted by mail was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud or that someone relied on the misrepresentation or false statement or that the defendant obtained money or property for his own benefit.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

## DEFINITION OF THE CRIME

### Count 7 (Money Laundering Conspiracy (18 U.S.C. 1956(h)))

Count 7 of the indictment accuses the defendant of a conspiracy to commit the crime of Money Laundering Conspiracy in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A) First, that two or more persons conspired, or agreed, to commit the crime of Money Laundering Conspiracy.

(B) Second, that the defendant knowingly and voluntarily joined the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

### Agreement

With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of Money Laundering Conspiracy.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

16

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of Money Laundering Conspiracy. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**<u>Defendant's Connection to the Conspiracy</u>**

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

The defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## DEFINITION OF THE CRIME

### Counts 8–11 (Money Laundering Concealment (18 U.S.C. § 1956(a)(1)(B)(i)))

Counts 8–11 of the indictment charge the defendant with conducting or attempting to conduct a financial transaction in violation of federal law.

| Count | Date | Amount | From Account | To Account |
|-------|------|--------|--------------|------------|
| 8 | October 12, 2017 | $4,700 | Wichita Project LLC Chase #5520 | BHD International Inc. Chase #9775 |
| 9 | March 22, 2018 | $2,600 | Wichita Project LLC Chase #5520 | BHD International Inc. Chase #9775 |
| 10 | April 9, 2018 | $8,500 | Wichita Project LLC Chase #5520 | BHD International Inc. Chase #9775 |
| 11 | April 22, 2018 | $2,000 | Wichita Project LLC Chase #5520 | BHD International Inc. Chase #9775 |

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant conducted or attempted to conduct a financial transaction.

Second, that the financial transaction involved property that represented the proceeds of wire or mail fraud in Counts 1 through 6 of the Indictment.

Third, that the defendant knew that the property involved in the financial transaction represented the proceeds from some form of unlawful activity.

Fourth, that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of wire or mail fraud in Counts 1 through 6 of the Indictment.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

19

## DEFINITION OF THE CRIME

### Counts 12–38 (Money Laundering Promoting (18 U.S.C. § 1956(a)(1)(A)(i)))

Counts 12 through 38 of the indictment charge the defendant with conducting or attempting to conduct a financial transaction in violation of federal law.

| Count | Date | Amount | From Account/To Payee | Transaction |
|-------|------|--------|-----------------------|-------------|
| 12 | October 30, 2017 | $1,000 | Wichita Project LLC Chase #5520, Payee Sandra Oden | Cashier's Check |
| 13 | October 31, 2017 | $1,500 | Wichita Project LLC Chase #5520, Payee Sandra Oden | Cashier's Check |
| 14 | November 3, 2017 | $3,000 | Wichita Project LLC Chase #5520, Payee Agau Consulting | Cashier's Check |
| 15 | November 17, 2017 | $4,500 | Wichita Project LLC Chase #5520, Payee Sandra Oden | Cashier's Check |
| 16 | November 30, 2017 | $3,500 | Wichita Project LLC Chase #5520, Payee Sandra Oden | Cashier's Check |
| 17 | December 11, 2017 | $7,000 | Wichita Project LLC Chase #5520, Payee Agau Consulting | Cashier's Check |
| 18 | December 22, 2017 | $2,000 | Wichita Project LLC Chase #5520, Payee Agau Consulting | Cashier's Check |
| 19 | March 12, 2018 | $2,500 | Wichita Project LLC Chase #5520, Payee Heather Storm | Cashier's Check |
| 20 | March 6, 2018 | $2,500 | Wichita Project LLC Chase #5520, Payee Heather Storm | Cashier's Check |
| 21 | May 3, 2018 | $7,500 | BHD International Inc., Payee Bearkes Ainsworth Jr. | Cashier's Check |
| 22 | May 10, 2018 | $5,000 | BHD International Inc., Payee Bearkes Ainsworth Jr. | Cashier's Check |
| 23 | May 17, 2018 | $4,000 | BHD International Inc., Payee Bearkes Ainsworth Jr. | Cashier's Check |
| 24 | August 13, 2018 | $7,500 | Wichita Project LLC US Bank #0155, Payee Bearkes Ainsworth Jr. | Check |

| 25 | August 17, 2018 | $5,000 | Wichita Project LLC US Bank #0155, Payee Bearkes Ainsworth Jr. | Direct |
| 26 | August 20, 2018 | $7,500 | Wichita Project LLC US Bank #0155, Payee Bearkes Ainsworth Jr. | Check |
| 27 | August 24, 2018 | $2,500 | Wichita Project LLC US Bank #0155, Payee Bearkes Ainsworth Jr. | Check |
| 28 | August 30, 2018 | $7,500 | Wichita Project LLC US Bank #0155, Payee Bearkes Ainsworth Jr. | Check |
| 29 | October 29, 2018 | $3,750 | Wichita Project LLC US Bank #0155, Payee Bearkes Ainsworth Jr. | Cashier's Check |
| 30 | November 1, 2018 | $3,750 | Wichita Project LLC US Bank #0155, Payee Bearkes Ainsworth Jr. | Cashier's Check |
| 31 | November 8, 2018 | $7,500 | Wichita Project LLC US Bank #0155, Payee Bearkes Ainsworth Jr. | Direct |
| 32 | March 11, 2019 | $5,000 | Wichita Project LLC US Bank #0155, Payee Bearkes Ainsworth Jr. | Cashier's Check |
| 33 | March 19, 2019 | $5,000 | Wichita Project LLC US Bank #0155, Payee Bearkes Ainsworth Jr. | Cashier's Check |
| 34 | May 30, 2019 | $3,000 | BHD International US Bank #1333, Payee John Ainsworth | Cashier's Check |
| 35 | June 4, 2019 | $7,500 | Wichita Project LLC US Bank #0119, Payee Bearkes Ainsworth Jr. | Cashier's Check |
| 36 | July 25, 2019 | $7,500 | Wichita Project LLC US Bank #1333, Payee Bearkes Ainsworth Jr. | Cashier's Check |
| 37 | July 29, 2019 | $6,000 | Wichita Project LLC US Bank #1333, Payee Bearkes Ainsworth Jr. | Cashier's Check |
| 38 | August 2, 2019 | $6,000 | Wichita Project LLC US Bank #1333, Payee Bearkes Ainsworth Jr. | Cashier's Check |

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant conducted or attempted to conduct a financial transaction.

Second, that the financial transaction involved property that represented the proceeds of fraud as identified in Counts 1 through 6 (Wire and Mail Fraud).

Third, that the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

Fourth, that the defendant had the intent to promote the carrying on of wire and mail fraud in Counts 1 through 6.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Authority: Pattern Crim. Jury Instr. 6th Cir. 11.01 (2021 ed.).

### **Definitions for Money Laundering Counts**

Now I will give you more detailed instructions on some of these terms.

The term "financial transaction" means (A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means; or (ii) involving one or more monetary instruments; or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft; or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The term "financial institution" means a bank or credit union.

22

The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

The word "proceeds" means any property derived from, obtained, retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the funds involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. The government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

### Aiding and Abetting

For you to find the defendant guilty of Wire Fraud and/or Mail Fraud, it is not necessary for you to find that he personally committed the crime.

You may also find him guilty if he intentionally helped someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant guilty of Wire Fraud and/or Mail Fraud as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of Wire Fraud and/or Mail Fraud was committed;

Second, that the defendant helped to commit the crime; and

Third, that the defendant intended to help commit the crime.

23

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough. What the government must prove is that the defendant did something to help the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of Wire Fraud and/or Mail Fraud as an aider and abettor.

### Other Acts of Defendant

(1)     You have heard testimony that the defendant committed crimes, acts, wrongs other than the ones charged in the indictment. If you find the defendant did those crimes, acts, wrongs, you can consider the evidence only as it relates to the government's claim on the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident. You must not consider it for any other purpose.

(2)     Remember that the defendant is on trial here only for the charges in the Indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way to prove a defendant's state of mind directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

25

## DEFENDANT'S TESTIMONY

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

26

## OPINION TESTIMONY

(1) You have heard the testimony of Frederick H. Graessle, who testified as an opinion witness.

(2) You do not have to accept Graessle's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## DELIBERATIONS AND VERDICT

Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the Courtroom Security Officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Courtroom Security Officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial

29

could result, which would require the entire trial process to start over.

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

32

## JUROR NOTES

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

**VERDICT FORM**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and notify the Courtroom Security Officer.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                          Plaintiff

v.                                          Criminal Action No. 3:20-cr-9-RGJ

ROBERT BONDONNO                                                  Defendant

## **VERDICT FORM COUNTS 1–5**

We, the jury, find the defendant, Robert Bondonno, as to:

| | | | | | |
|---|---|---|---|---|---|
| Count 1 | Wire Fraud | March 2, 2018 | Deposit of $25,000 check from Ryan McClinton drawn from Wells Fargo Bank into Wichita Project LLC bank account at JP Morgan Chase bank #5520, Henderson, Nevada. | GUILTY_____ | NOT GUILTY_____ |
| Count 2 | Wire Fraud | March 22, 2018 | Wire transfer of $35,000 from Billie Terrell account at Chase Bank in Louisville, Kentucky to Wichita Project LLC, account at JP Morgan Chase Bank #5520, Henderson, Nevada. | GUILTY_____ | NOT GUILTY_____ |
| Count 3 | Wire Fraud | April 16, 2018 | Fed Wire Transfer from Madison Trust Account for Billie Terrell of $60,000 from Capital One Bank to Wichita Project LLC, at JP Morgan Chase Bank #5520, Henderson, Nevada. | GUILTY_____ | NOT GUILTY_____ |
| Count 4 | Wire Fraud | October 25, 2018 | Fed Wire Transfer from Madison Trust Account for Adam Bishop for $25,000 from Capital One Bank to Wichita Project LLC, US | GUILTY_____ | NOT GUILTY_____ |

37

|  |  |  | Bank #1555, Henderson, Nevada. |  |  |
|---|---|---|---|---|---|
| Count 5 | Wire Fraud | July 24, 2019 | Fraser Bishop wired $24,800 from BB&T to BHD International US Bank #1333. | GUILTY_____ | NOT GUILTY_____ |

_____          _____
Foreperson                                                Juror No.

Date: _____

38

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:20-cr-9-RGJ

ROBERT BONDONNO                                             Defendant

## **VERDICT FORM COUNT 6**

    We, the jury, find the defendant, Robert Bondonno, as to:

| | | | | | |
|---|---|---|---|---|---|
| Count 6 | Mail Fraud | Check Dated: October 6, 2017 | Billie Terrell mailed a $100,000 check from Louisville, Kentucky, to Wichita Project, LLC. | GUILTY_____ | NOT GUILTY_____ |

_____        _____
Foreperson                                             Juror No.

Date: _____

39

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                        Plaintiff

v.                                             Criminal Action No. 3:20-cr-9-RGJ

ROBERT BONDONNO                                               Defendant

**<u>VERDICT FORM COUNT 7</u>**

We, the jury, find the defendant, Robert Bondonno:

As to Count 7, Money Laundering Conspiracy:


GUILTY_____          NOT GUILTY_____



_____   _____
Foreperson                         Juror No.



Date: _____

40

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:20-cr-9-RGJ

ROBERT BONDONNO                                            Defendant

## VERDICT FORM COUNTS 8–11

We, the jury, find the defendant, Robert Bondonno, as to:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Count 8 | Money Laundering Concealment | October 12, 2017 | $4,700 | From Account: Wichita Project LLC Chase #5520 | To Account: BHD International Inc. Chase #9775 | GUILTY_____ | NOT GUILTY_____ |
| Count 9 | Money Laundering Concealment | March 22, 2018 | $2,600 | From Account: Wichita Project LLC Chase #5520 | To Account: BHD International Inc. Chase #9775 | GUILTY_____ | NOT GUILTY_____ |
| Count 10 | Money Laundering Concealment | April 9, 2018 | $8,500 | From Account: Wichita Project LLC Chase #5520 | To Account: BHD International Inc. Chase #9775 | GUILTY_____ | NOT GUILTY_____ |

41

| Count 11 | Money Laundering Concealment | April 22, 2018 | $2,000 | From Account: Wichita Project LLC Chase #5520 | To Account: BHD International Inc. Chase #9775 | GUILTY_____ | NOT GUILTY_____ |

_____    _____

Foreperson                                      Juror No.


Date: _____

42

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                              Criminal Action No. 3:20-cr-9-RGJ

ROBERT BONDONNO                                             Defendant

**<u>VERDICT FORM COUNTS 12–38</u>**

We, the jury, find the defendant, Robert Bondonno, as to:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Count 12 | Money Laundering Promoting | October 30, 2017 | $1,000 | From: Wichita Project LLC Chase #5520; To: Payee Sandra Oden | Cashier's Check | GUILTY_____ | NOT GUILTY_____ | |
| Count 13 | Money Laundering Promoting | October 31, 2017 | $1,500 | From: Wichita Project LLC Chase #5520; To: Payee Sandra Oden | Cashier's Check | GUILTY_____ | NOT GUILTY_____ | |
| Count 14 | Money Laundering Promoting | November 3, 2017 | $3,000 | From: Wichita Project LLC Chase #5520; To: Payee Agau Consulting | Cashier's Check | GUILTY_____ | NOT GUILTY_____ | |
| Count 15 | Money Laundering Promoting | November 17, 2017 | $4,500 | From: Wichita Project LLC Chase #5520; To: Payee Sandra Oden | Cashier's Check | GUILTY_____ | NOT GUILTY_____ | |
| Count 16 | Money Laundering Promoting | November 30, 2017 | $3,500 | From: Wichita Project LLC Chase #5520; | Cashier's Check | GUILTY_____ | NOT GUILTY_____ | |

43

| | | | | To: Payee Sandra Oden | | | |
|---|---|---|---|---|---|---|---|
| Count 17 | Money Laundering Promoting | December 11, 2017 | $7,000 | From: Wichita Project LLC Chase #5520; To: Payee Agau Consulting | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 18 | Money Laundering Promoting | December 22, 2017 | $2,000 | From: Wichita Project LLC Chase #5520; To: Payee Agau Consulting | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 19 | Money Laundering Promoting | March 12, 2018 | $2,500 | From: Wichita Project LLC Chase #5520; To: Payee Heather Storm | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 20 | Money Laundering Promoting | March 6, 2018 | $2,500 | From: Wichita Project LLC Chase #5520; To: Payee Heather Storm | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 21 | Money Laundering Promoting | May 3, 2018 | $7,500 | From: BHD International Inc.; To: Payee Bearkes Ainsworth Jr. | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 22 | Money Laundering Promoting | May 10, 2018 | $5,000 | From: BHD International Inc.; To: Payee Bearkes Ainsworth Jr. | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |

44

| Count 23 | Money Laundering Promoting | May 17, 2018 | $4,000 | From: BHD International Inc.; To: Payee Bearkes Ainsworth Jr. | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 24 | Money Laundering Promoting | August 13, 2018 | $7,500 | From: Wichita Project LLC US Bank #0155; To: Payee Bearkes Ainsworth Jr. | Check | GUILTY_____ | NOT GUILTY_____ |
| Count 25 | Money Laundering Promoting | August 17, 2018 | $5,000 | From: Wichita Project LLC US Bank #0155; To: Payee Bearkes Ainsworth Jr. | Direct | GUILTY_____ | NOT GUILTY_____ |
| Count 26 | Money Laundering Promoting | August 20, 2018 | $7,500 | From: Wichita Project LLC US Bank #0155; To: Payee Bearkes Ainsworth Jr. | Check | GUILTY_____ | NOT GUILTY_____ |
| Count 27 | Money Laundering Promoting | August 24, 2018 | $2,500 | From: Wichita Project LLC US Bank #0155; To: Payee Bearkes Ainsworth Jr. | Check | GUILTY_____ | NOT GUILTY_____ |
| Count 28 | Money Laundering Promoting | August 30, 2018 | $7,500 | From: Wichita Project LLC US Bank #0155; To: Payee Bearkes Ainsworth Jr. | Check | GUILTY_____ | NOT GUILTY_____ |

45

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Count 29 | Money Laundering Promoting | October 29, 2018 | $3,750 | From: Wichita Project LLC US Bank #0155; To: Payee Bearkes Ainsworth Jr. | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 30 | Money Laundering Promoting | November 1, 2018 | $3,750 | From: Wichita Project LLC US Bank #0155; To: Payee Bearkes Ainsworth Jr. | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 31 | Money Laundering Promoting | November 8, 2018 | $7,500 | From: Wichita Project LLC US Bank #0155; To: Payee Bearkes Ainsworth Jr. | Direct | GUILTY_____ | NOT GUILTY_____ |
| Count 32 | Money Laundering Promoting | March 11, 2019 | $5,000 | From: Wichita Project LLC US Bank #0155; To: Payee Bearkes Ainsworth Jr. | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 33 | Money Laundering Promoting | March 19, 2019 | $5,000 | From: Wichita Project LLC US Bank #0155; To: Payee Bearkes Ainsworth Jr. | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 34 | Money Laundering Promoting | May 30, 2019 | $3,000 | From: BHD International US Bank #1333; To: Payee John Ainsworth | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |

46

| Count 35 | Money Laundering Promoting | June 4, 2019 | $7,500 | From: Wichita Project LLC US Bank #0119; To: Payee Bearkes Ainsworth Jr. | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 36 | Money Laundering Promoting | July 25, 2019 | $7,500 | From: Wichita Project LLC US Bank #1333; To: Payee Bearkes Ainsworth Jr. | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 37 | Money Laundering Promoting | July 29, 2019 | $6,000 | From: Wichita Project LLC US Bank #1333; To: Payee Bearkes Ainsworth Jr. | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |
| Count 38 | Money Laundering Promoting | August 2, 2019 | $6,000 | From: Wichita Project LLC US Bank #1333; To: Payee Bearkes Ainsworth Jr. | Cashier's Check | GUILTY_____ | NOT GUILTY_____ |

_____        _____

Foreperson                                                   Juror No.

Date: _____

47